IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT L. JONES,

        Petitioner,

ERNIE MOORE, Warden,
  Lebanon Correctional Institution,

        Respondent.

Case No. 3:13-cv-085

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on the Petitioner's Objections (Doc. No. 15) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 13) recommending that the Petition herein be dismissed with prejudice. District Judge Rose has recommitted the matter for a supplemental report in light of the Objections (Recommittal Order, Doc. No. 16).

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Jones asserts his trial attorney was ineffective for failing to try his weapons under disability charge to the bench, to file a motion to suppress, and to object to prosecutorial misconduct.  The Warden sought dismissal of this Ground for Relief as procedurally defaulted by Jones' failure to timely appeal to the Supreme Court of Ohio from rejection of this claim on direct appeal.  Jones responded by claiming the rule in question – the

1

forty-five day time limit on felony appeals to the Ohio Supreme Court – is not an adequate and independent state ground of decision (Treverse [sic], Doc. No. 12, PageID 930). The Report disagreed, relying on *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Jones objects, asserting that a state rule is not "adequate" for procedural default purposes unless it is "strictly or regularly" followed by the state courts (Objections, Doc. No. 15, PageID 953), *citing Hathorn v. Lavorn*, 457 U.S. 255 (1982), *quoting Barr v. City of Columbia*, 378 U.S. 146 (1964). The citations are on point, but they do not represent the current state of the law. As the Magistrate Judge noted in the Report, recent Supreme Court authority allows the States some discretion in enforcing procedural rules without depriving them of possible preclusive effect. (Report, Doc. No. 13, PageID 938-39), *citing Beard v. Kindler*, 558 U.S. 53, 54 (2009)("a discretionary rule can serve as an adequate ground to bar federal habeas review."); *Walker v. Martin*, 562 U.S. ___, 131 S. Ct. 1120 (2011)(California rule requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay." The discretion this allows the California courts does not mean the rule is not firmly established and regularly followed.)

Jones asserts moreover that the rule applicable to his case, Ohio S. Ct. Prac. R. 2.2(A)(1)(a), is not in fact strictly and regularly followed because the Rule creates an exception, assertedly applicable to Jones' case, in § 2(A)(4)(a), (b), and (c).[1] That rule provides a way in which a felony defendant who has missed the forty-day deadline can apply for leave to file a delayed appeal. The motion must be accompanied by a sworn affidavit showing "adequate reasons for the delay."

Jones sought to take advantage of this possibility and filed a motion for delayed appeal on April 16, 2012. His Affidavit is quoted here verbatim:

---

[1] Jones cites the Rule as 2.2(A)(4), but no such numbered rule existed at the time of his appeal to the Ohio Supreme Court in April 2012. The Ohio Supreme Court Practice Rules were rearranged and re-numbered as of January 1, 2013. The cognate new rule is 7.01(A)(4)(a).

> 1) Appellant failed to file a timely appeal to the Ohio Supreme Court due to his attempts to obtain legal counsel.
>
> 2) Appellant also states due to his lack of legal knowledge, disability of imprisonment, over population, limited access to law library materials and assistance.

(Return of Writ, Doc. No. 9-1, PageID 241.) The Ohio Supreme Court denied the motion in an Entry which reads, "[u]pon consideration of appellant's motion for a delayed appeal, it is ordered by the court that the motion is denied. Accordingly, this cause is dismissed" and is signed by Chief Justice O'Connor. *Id.* at PageID 261. In other words, Jones filed a completely conclusory Affidavit of reasons for delay and the Ohio Supreme Court denied the motion to appeal in summary fashion, without any discussion of its reasoning, as it very often does in these situations.

Jones argues that the 45-day time limit "is wavied [sic] more than on an occasional basis. . ." (Objections, Doc. No. 15, PageID 954), *citing State v. Gripper,* 136 Ohio St. 3d 1556 (2013); *State v. Triplett,* 2013 Ohio 4657; *State v. Miller*, 136 Ohio St. 3d 1448 (2013); and *State v. McKinney*, 136 Ohio St. 3d 1449 (2013).

In *Gripper*, as Jones represents, the Ohio Supreme Court granted a motion for delayed appeal without stating any reasons. *Gripper* was one of thirteen cases decided by the Ohio Supreme Court without opinion on November 6, 2013. *State v. Vasquez*, decided the same day, had a motion for delayed appeal denied.

In *Triplett*, as Jones also represents, the Ohio Supreme Court granted a motion for delayed appeal without stating any reasons. *Triplett* was one of 157 cases decided by that court without opinion on October 23, 2013.[2] On the same day, again without explanation, the court denied motions for delayed appeal in *State v. Denney, State v. Ramirez, State v. Fair, State v.*

---

[2] All of these cases bear the same citation, 2013-Ohio-4657.

3

*Greathouse, State v. Jabbaar, State v. Bobo, State v. Walton, State v. Roark, State v. Leggett, State v. Banks, State v. Macksyn, State v. Jones, State v. Rieman, State v. Gaona, State v. Osley,* and *State v. Anderson,* surveying only the first thirty of those 157 cases.

In *Miller*, as Jones represents, the court granted a delayed appeal without explanation. But it also denied the motion in *State v. Darby, State v. Simms, State v. Van Maruer, State v. Walker, State v. Jones, State v. Seals,* and *State v. Feliciano.*

*McKinney* displays the same pattern: of the fifteen cases decided by the Ohio Supreme Court without opinion on July 24, 2013, *State v. Porter, State v. Robinson, State v. Green, State v. Paige, State v. Ginley, State v. Jackson, and State v. Hillman,* were all unexplained denials of motions for delayed appeal.

Thus Jones is correct that the Ohio Supreme Court does grant a delayed appeal on "more than an occasional basis." On the other hand, as the decisions from these four days in 2013 indicate, it denies leave to file a delayed appeal far more often than it grants leave. Although these denials are unexplained, they are not unconsidered: many of the reports of decisions show dissents by particular Justices from both granting and denying delayed appeal, although all of the dissents examined here were also without explanation.

Jones is also correct in describing the Ohio Supreme Court as exercising discretion in granting or denying motions to file a delayed appeal. But as *Beard* and *Walker, supra,* hold, reservation of discretion by a state supreme court in a rule of practice does not render that rule "inadequate" under procedural default doctrine. As noted in the Report, the Sixth Circuit has interpreted these two Supreme Court decisions as allowing state rules that "accord courts broad discretion." *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011).

The decision in *Bonilla v. Hurley, supra*, is precisely in point. In that case the habeas

4

petitioner's conviction was affirmed March 2, 2001. Bonilla thus had until April 16, 2011, to file an appeal of right. He actually filed a motion for delayed appeal on June 11, 2011. As reasons for delay he cited lack of counsel, inability to obtain a copy of the trial transcripts, great difficulty with the English language, limited law library access in prison, and lack of assistance in preparing documents. With the addition of the English language and trial transcripts points, Bonilla offered the same reasons for delay as Jones offered. In both cases the Ohio Supreme Court denied the motion for delayed appeal in a "form entry." *Bonilla*, 370 F.3d at 497. The Sixth Circuit found a procedural default on these facts. Jones' case falls squarely within *Bonilla*. *Bonilla* also holds, contrary to Jones' claim in the Objections at PageID 955, that an Ohio Supreme Court denial of leave to file a delayed appeal is a procedural ruling and not a consideration of the merits. 370 F.3d at 497.

Therefore it is again respectfully recommended that the First Ground for Relief be dismissed with prejudice as procedurally defaulted.

**Ground Two: Manifest Weight of the Evidence**

At Jones' request, this Ground for Relief was construed in the Report as making a claim that the evidence was insufficient (Report, Doc. No. 13, PageID 940). Jones argues in the Objections that this means this Court must review the evidence under the standard in *Jackson v. Virginia,* 443 U.S. 307 (1979). The Report applies exactly that standard, combined with the double level of deference required in applying *Jackson* after the AEDPA was enacted (Doc. No. 13, PageID 940-43).

The Second District Court of Appeals thoroughly reviewed this evidence; its analysis is

quoted in the Report at PageID 943-46. No further analysis of the evidence is needed to resolve the Objections on this point.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Jones asserts he received ineffective assistance of appellate counsel when his appellate attorney failed to argue the evidence was insufficient for conviction. The Report noted that the manifest weight claim which appellate counsel actually did raise and which carries a lighter burden of persuasion for a defendant, was rejected by the court of appeals. That court also rejected this claim of ineffective assistance of appellate counsel when Jones raised it in an application to reopen. The Report found that conclusion was neither contrary to nor an objectively unreasonable application of Supreme Court precedent on ineffective assistance of appellate counsel and was therefore entitled to AEDPA deference under 28 U.S.C. § 2254(d)(1).

In his Objections Jones merely incorporates by reference the arguments he made to the Second District (Objections, Doc. No. 15, PageID 957). Therefore no additional analysis is needed.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous.

January 13, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).